**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| PPS SERVICE GROUP, LLC, | Case No. 1:18-cv-727 |
| Plaintiff, | Barrett J. |
| v. | Bowman, M.J. |
| ADAM ECKERT, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendant Roby's motion to compel arbitration and stay proceedings pending arbitration (Doc. 18) and Plaintiff's memorandum *contra.* (Doc. 19).

Defendants are former employees of PPS. PPS provides nationwide landscaping, snow and ice removal, parking lot maintenance, and customized facility management services. Plaintiffs allege that while employed by PPS, Defendants used PPS's secret and proprietary customer lists and pricing information to establish a new company, REMS Nationwide Procurement, LLC ("REMS"). Plaintiff contends that Defendants helped run REMS for over nine months while employed by PPS, taking the opportunity to poach PPS customers. Thereafter, this lawsuit ensued.

Plaintiff's complaint asserts four claims: 1) misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1831 et seq., 2) misappropriation of trade secrets under the Ohio Uniform Trade Secrets Act (OUTSA); 3) breach of a non-disclosure agreement; and 4) and breach of fiduciary duty.

The non-disclosure agreement executed on behalf of Plaintiff and Roby provides:

> "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be resolved by arbitration conducted by the Commercial Division of the American Arbitration Association and in accordance with the rules thereof…notwithstanding the foregoing, either party may seek and obtain temporary injunctive relief from any court of competent jurisdiction against any improper disclosure of the Confidential Information."

(See Doc. 18. Ex. 1, the "NDA," Section 10 at PPS89).

The NDA also states that it "and all questions relating to its validity, interpretation, performance and enforcement…shall be governed by and construed in accordance with the laws of the State of Ohio…." (Id., Section 5 at PPS88).

In Count 4 ("Breach of Contract"), Plaintiff asserts that Roby "acted…in breach of (his) contractual obligation set forth in (his NDA)" by "disclos(ing) confidential and proprietary information to REMS and other persons, and us(ing) confidential and proprietary information for purposes beyond the scope of the (NDA)." (See, Complaint ¶ 66). These allegations are reasserted in an attempt to support claims that Roby violated 18 U.S.C. § 1839 (Count 1), O.R.C. § 1333.61 et seq. (Count 2), and fiduciary duties (Count 3). Accordingly, Defendant Roby contends that all of Plaintiff's claims "aris(e) out of or relat(e) to the (NDA) or the breach thereof," and they must be resolved through binding Arbitration.

The Federal Arbitration Act, 9 U.S.C. § 1 et seq., "promotes 'a liberal federal policy favoring arbitration agreements,' and [establishes that] 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'" *Mason v. Synchrony Bank*, Case No. 3:17-cv-314, 2018 WL 527981, at *2 (S.D. Ohio Jan. 22, 2018) (*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). To evaluate if staying a case and compelling arbitration is

2

appropriate, the Court must first determine if the "claim is generally subject to compulsory arbitration." *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 665 (6th Cir. 2003) (citing *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 311 (6th Cir. 2000)).

A party may waive its contractual right to arbitration by participating in litigation, or acting in a manner inconsistent with that right. *See Uwaydah v. Van Wert County Hosp.*, 246 F. Supp. 2d 808 (N.D. Ohio 2002) (A party can waive its right to arbitration "when the party actively participates in litigation or acts inconsistently with its rights to proceed with arbitration.")

In *Konica Minolta Bus. Solutions, U.S.A. v. Allied office Products*, 2006 U.S. Dist. LEXIS 93640 (S.D. Ohio, Dec. 27, 2006), this Court identified several factors to consider, including (1) filing responsive pleadings without asserting a right to arbitration; (2) filing pretrial motions; (3) engaging in extensive discovery; (4) using discovery methods not available in arbitration; (5) litigating merits issues; (6) the length of delay in invoking arbitration and seeking a stay; (7) the proximity of the trial date; (8) prejudice to the opposing party; and (9) whether the party has filed a counterclaim. The question of whether the right to arbitrate has been waived is for the Court, not an arbitrator, to decide. *Reidy v. Cyberonics, Inc.*, S.D.Ohio No. 1:06-CV-249, 2007 U.S. Dist. LEXIS 9568, at *12 (Feb. 8, 2007).

Applying the factors outlined above, the undersigned finds that Roby has waived his right to arbitrate any claims arising out of the non-disclosure agreement. Notably, Roby's answer to the complaint does not assert a right to arbitration. (Doc. 8). Roby also filed a counter-claim for breach of the compensation agreement between PPS and Roby.

(Doc. 8). Roby has also filed numerous pretrial motions, participated in discovery and also filed a motion for summary judgment.

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant Roby's motion to compel arbitration and stay proceedings (Doc. 18) should be **DENIED**.

        <u>s/Stephanie K. Bowman</u>
        Stephanie K. Bowman
        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| PPS SERVICE GROUP, LLC, | Case No. 1:18-cv-727 |
| Plaintiff, | Barrett J. Bowman, M.J. |
| v. | |
| ADAM ECKERT, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).