**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| PPS SERVICE GROUP, LLC, | Case No. 1:18-cv-727 |
| Plaintiff, | Barrett J. Bowman, M.J. |
| v. | |
| ADAM ECKERT, et al., | |
| Defendants. | |

**ORDER AND REPORT AND RECOMMENDATION**

This civil action is now before the Court on Plaintiff's motion to defer consideration of Defendant Roby's motion for Summary Judgment to Allow Time to Take Discovery (Doc. 39) and Defendant Roby's memorandum *contra.* (Doc. 42).

**I. Background and Facts**

Defendants are former employees of PPS. PPS provides nationwide landscaping, snow and ice removal, parking lot maintenance, and customized facility management services. Plaintiff alleges that while employed by PPS, Defendants used PPS's secret and proprietary customer lists and pricing information to establish a new company, REMS Nationwide Procurement, LLC ("REMS").

This litigation followed. (Verified Complaint ¶¶38-39.) Plaintiff has brought claims for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1831 et seq., and the Ohio Uniform Trade Secrets Act (OUTSA). Plaintiff has also brought claims for breach of a non-disclosure agreement and breach of fiduciary duty by Defendants.

On January 29, 2019, Defendant Roby filed a Motion for Summary Judgment. Rather than filing a response, Plaintiff submits the instant Motion for Rule 56(d) relief, seeking additional time to complete discovery before responding to Roby's Motion for Summary Judgment. Specifically, Plaintiff seeks to complete written discovery, obtain documents from third parties, and conduct depositions.

**II. Analysis**

Rule 56(d) establishes the procedure to be followed when a party concludes that additional discovery is necessary to respond to a motion for summary judgment, and states in relevant part:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed.R.Civ.P. 56(d).

The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir.2000) (citing *Radich v. Goode,* 886 F.2d 1391, 1393–94 (3d Cir.1989)). Whether to grant a request for additional discovery falls within the trial court's discretion. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir.2009).

"[I]t is improper to grant summary judgment if [the party seeking Rule 56(d) relief] is given an insufficient opportunity for discovery." *Dish Network LLC v. Fun Dish Inc.*, No. 1:08-CV-1540, 2011 U.S. Dist. LEXIS 160042, at *3 (N.D. Ohio Aug. 12, 2011),

citing *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229, 231-232 (6th Cir. 1994). The Sixth Circuit has made clear that "[i]f the [party seeking relief under Rule 56(d)] has not 'receive[d] a full opportunity to conduct discovery,' denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995), quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004).

The Sixth Circuit has provided guidance as to the factors a court should evaluate in considering whether to permit the requested discovery. These factors include (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period has lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008); *Plott*, 71F.3d at 1196-97.

Here, Plaintiff, through the submission of the Declaration of Matthew Johnson and the Declaration of Counsel, has complied with the technical requirements of Rule 56(d). Specifically, Plaintiffs seek the following categories of discovery:

1. The Deposition of Defendant Roby;

2. The Deposition of Potential Third-Party witnesses, including the potential clients contacted by REMS; and

3. Documents from Third Parties, including documents sought by three subpoenas previously issued.

Plaintiff contends that this discovery will help establish if there is a basis for Roby's claim that he did not use PPS' proprietary information to contact and solicit

3

potential customers. The parties have previously agreed to a date for the deposition of Roby, which was to be held in March 2019. In this deposition, Plaintiffs hope to discover facts related to certain claims by Roby in his Motion for Summary Judgment, including:

- The basis of Roby's claim that he has "decades of experience and numerous contacts" in the relevant industry.

- The basis of Roby's claim that REMS was not a competitor of PPS and that his "role with REMS actually made him more valuable to PPS."

- The basis of Roby's claim that Roby effectively disclosed his interest in REMS to PPS by informing his supervisor, Mr. Eckert.

- The basis for Roby's claim that "all pre-existing knowledge and information" that he had acquired from his prior work in the industry was "expressly excluded from the definition of confidential information in the non-disclosure agreement described in the Complaint.

- The basis for Roby's claim that "REMS/Roby had no logical reason to misappropriate PPS'" confidential information "because REMS' business and its customers/prospects were distinctly different."

(Doc. 39, Ex. 1).

Here, in an abundance of caution and in the interests of justice, the undersigned finds that the *Plott* factors weigh in favor of granting PPS's request to pursue *limited* discovery before responding to Defendant Roby's summary judgment motion.

**III. Conclusion**

Based on the foregoing, Plaintiff's Rule 56(d) motion to defer consideration of Defendant Roby's motion for summary judgment and allow time for discovery (Doc. 39) is **GRANTED.** The undersigned herein sets a status conference, by phone, **on Tuesday, September 3, 2019 at 2:00 p.m**. in order to define the scope of the discovery

sought.[1] It is further **ORDERED** that the parties' pending motions (Docs. 3, 15, 21, 25, 45, 46, 57) are herein **DENIED as MOOT,** subject to refiling, to the extent the issues raised in the motions are not resolved after the above reference phone conference.

In light of this ruling granting Plaintiff's Rule 56(d) motion, it is also herein **RECOMMENDED** that Defendant Roby's motion for summary judgment (Doc. 23) be **DENIED** without prejudice to refiling once limited discovery is complete.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Counsel shall call 1-888-363-4749 to participate in the telephone conference with Magistrate Judge Stephanie K. Bowman. The conference access code is 8651321 and the security code is 2010.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| PPS SERVICE GROUP, LLC, | Case No. 1:18-cv-727 |
| Plaintiff, | Barrett J. Bowman, M.J. |
| v. | |
| ADAM ECKERT, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).