# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PPS SERVICE GROUP, LLC, | Case No. 1:18-cv-727 |
| Plaintiff, | Barrett J. Bowman, M.J. |
| v. | |
| ADAM ECKERT, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This civil action is now before the Court on Plaintiff's motion for default judgment as to Defendant Eckert (Doc. 68) and Defendant Eckert's motion for relief from default judgment. (Doc. 74).

*I. Background and Facts*

Plaintiff filed the instant action on October 15, 2018. Notably, on September 24, 2018, Defendant, Adam Eckert, ("Eckert") filed a Chapter 7 Bankruptcy Petition under Title 11, U.S. Code in the Southern District of Ohio, case number: Case 18-61927-rk. On October 25, 2018, counsel for Eckert filed a Notice of Bankruptcy Filing and Suggestion of Stay in the subject action. (Doc. 7).

On March 29, 2019, counsel for Eckert entered an appearance in this action. (Doc. 62). Prior to the Notice, Eckert's counsel participated in multiple status conferences with counsel and the Court. Plaintiff's counsel submitted discovery requests upon Eckert and responses were provided by Eckert's counsel to Plaintiff's counsel.

1

On January 24, 2019, Eckert and his counsel attended Eckert's deposition at Plaintiff's counsel's office. During March and April of 2019, Eckert and his counsel appeared for and participated in a multiple-day trial. At the trial, Eckert's counsel advised the Court and Plaintiff's counsel, that given Eckert's bankruptcy case, it was his understanding that the claims against Eckert were proceeding only as to the injunctive relief sought by Plaintiff. At no point during the multiple status conferences, hearings or the trial, did Plaintiff's counsel contest the limited scope of the matter before this Court against Eckert.

On February 17, 2019, the United States Bankruptcy Court for the Northern District of Ohio issued a Notice of Discharge on Eckert's bankruptcy petition. (Doc. 74, Ex. A). Plaintiff's claims against Eckert were listed on Eckert's bankruptcy petition. (Doc. 74, Ex. B).

On January 7, 2019, Plaintiff filed a Complaint (to Determine Dischargeability of Debt) in the United States Bankruptcy Court, Northern District of Ohio, relating to its claim against Eckert. This case, number 19-060003-rk, titled PPS Service Group, LLC v. Eckert, is still pending before the Court.

Thereafter, on June 4, 2019, Plaintiff filed an application, seeking from the Clerk of this Court a default against Eckert. (Doc. 66). The same day, the Clerk entered default against Eckert. (Doc. 67). As of the date of this filing, Plaintiff's alleged claims against Eckert appear to be discharged in bankruptcy, even though Plaintiff's complaint to determine the dischargeability of those claims remains pending.

Plaintiff now seeks default judgment against Eckert. In response, Eckert has moved for relief from judgment. Upon careful review, the undersigned finds that Eckert is entitled to relief from judgment.

**II. Analysis**

*1. Standard of Review and Applicable Law*

Rule 55 of the Federal Rules of Civil Procedure provides in relevant part:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

> (1) *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.

(c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

Fed. R. Civ. P. 55

Notably, Rule 60(b), Fed. R. Civ. P., states in part as follows:

> (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.* On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

3

> evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * *

*Id.*

To obtain relief under Rule 60(b), Eckert must make a showing that his motion was filed within a reasonable time, that he has a meritorious defense or legal position in spite of an earlier ruling by the court or a jury verdict, that there is a lack of unfair prejudice to the opposing party, and that exceptional circumstances exist. Eckert must then satisfy one or more of rule's six grounds for relief from judgment. *Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 774 F.Supp. 996 (S.D.W.Va.1991), affirmed 993 F.2d 46 (4th Cir. 1992).

2. *Eckert's motion for relief from judgment is well-taken*

Here, Eckert asserts that his instant motion is filed within the time requirements set forth in the rule; that he has a meritorious defense, and that the grounds for this motion are mistake and surprise. Moreover, Plaintiff's alleged claims against Eckert were discharged in bankruptcy. While Plaintiff has filed a complaint to determine the dischargeability, that case is still pending. Eckert also asserts that Plaintiff failed to follow the provisions of Fed. R. Civ. P. 55(b) when it applied to this Court for a default judgment. Rule 55(c) states that when a person "appears" after the filing of the complaint, a plaintiff must provide notice of an intent to seek a default judgment to the defendant at least three days' prior to making an application. *Antoine v. Atlas Turner,*

4

*Inc.,* 66 F.3d 105, 110 (6th Cir. 1995). Second, the affidavit fails to provide required information permitting the clerk to enter judgment on a sum certain pursuant to Rule 55(b)(1).

Eckert further argues that Plaintiff would not be prejudiced in the least by setting aside the judgment. Eckert denies ever improperly receiving or utilizing alleged trade secrets belonging to Plaintiff. Thus, Plaintiff would not be prejudiced by permitting this action to proceed on the merits. The undersigned agrees.

Here, the record shows that Defendant Eckert has made numerous appearances in this matter. (See Docs. 62, 63, 64, and 65). Notably, Eckert appeared and testified at the Preliminary Injunction hearing. As noted by Eckert, the Sixth Circuit held that when an appearance has been made in a case, it is error for the court to enter a default judgment where the plaintiff has failed to demonstrate compliance with Rule 55(b). Notably, in *Lotomski v. Panther Valley Coin Exchange,* 653 F.2d 270 (6th Cir. 1981), the court found that although the defendants failed to enter a formal appearance and filed no papers in the action, and where the defendants asserted that they had informed the plaintiffs that the damages sought and awarded were excessive, defendants provided sufficient evidence of their intent to respond to plaintiffs' claims to entitle them to written notice three days prior to the entry of default judgment and, in absence of such notice, were entitled to an order setting aside default judgment on ground of their active representation despite the absence of formal action.

Furthermore, the Sixth Circuit has a "strong preference for trials on the merits." *United States v. Real Property, All Furnishings Known as Bridwell's Grocery*, 195 F.3d

819, 820 (6th Cir.1999) citing *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir.1986).

In light of the foregoing, the undersigned finds that Defendant Eckert's motion for relief from judgment is well-taken and should be granted.

### III. Conclusion

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant Eckert's motion for relief from judgment (Doc. 74) be **GRANTED** and **the CLERK be DIRECTED** to set aside Entry of Default as to Defendant Eckert. (*See* Doc. 67). **IT IS FURTHER RECOMMENDED THAT** Plaintiff's motion for default judgment (Doc. 68) be **DENIED as MOOT**.

                                         *s/Stephanie K. Bowman*
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PPS SERVICE GROUP, LLC,

    Plaintiff,

v.

ADAM ECKERT, et al.,

    Defendants.

Case No. 1:18-cv-727

Barrett J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).