**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| PPS SERVICE GROUP, LLC, | Case No. 1:18-cv-727 |
| Plaintiff, | Barrett J. Bowman, M.J. |
| v. | |
| ADAM ECKERT, et al., | |
| Defendants. | **REPORT AND RECOMMENDATION** |

This civil action is now before the Court on Plaintiff's unopposed motion for leave to amend the complaint. (Doc. 78).

**I. Background and Facts**

This is an action for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1831 et seq., and the Ohio Uniform Trade Secrets Act (OUTSA), R.C. 1333.61, et seq., along with additional common-law claims. Plaintiff seeks a preliminary injunction prohibiting Defendants from benefitting from the use of PPS' confidential and proprietary materials – materials that Plaintiff alleges Defendants misappropriated while working for PPS but secretly running a competitive business – pending the resolution of this matter

Plaintiff now seeks to amend its complaint to dismiss its claims for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1831 et seq., and the Ohio Uniform Trade Secrets Act (OUTSA).

**II. Analysis**

Leave to amend a complaint shall be freely granted when justice requires. Fed.R.Civ.P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to

ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987).

Here, PPS contends, *inter alia,* that it no longer seeks to pursue the trade secret claims because the cost of discovery necessary to prove these claims – as outlined in Plaintiff's Rule 56(d) Motion and the accompanying Affidavits (Doc. 39) – is outweighed by the potential recovery. In making this determination, PPS has considered the factors described in Fed. R. Civ. P. 26: the importance of the issues at stake in the action, the amount in controversy, the parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit. PPS's motion is well-taken and should be granted.

With this amendment to the complaint, however, there will be no federal claim before the Court, nor does the complaint allege diversity of citizenship. As such, the Court no longer has original jurisdiction and should decline to exercise supplemental jurisdiction over any pendant state-law claims. See 28 U.S.C. § 1367(c)(3). Accordingly, any state law claims should also be dismissed without prejudice.

**III**. **Conclusion**

For the reasons explained herein, **IT IS RECOMMENDED THAT** Plaintiff's motion to amend (Doc. 78) be **GRANTED**; all pending motions (Docs. 89, 90) be **DENIED as MOOT** and this matter be **DISMISSED** for lack of subject matter jurisdiction.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| PPS SERVICE GROUP, LLC, | Case No. 1:18-cv-727 |
| Plaintiff, | Barrett J. |
| | Bowman, M.J. |
| v. | |
| ADAM ECKERT, et al., | |
| Defendants. | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).